NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued October 9, 2014
Decided October 10, 2014

### Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

|  |  |
|---|---|
| No. 13-3210 <br><br> UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br> *v.* <br><br> TERRION HERMAN, <br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois. <br><br> No. 10-20003 <br> James E. Shadid, *Chief Judge*. |

### Order

Terrion Herman was sentenced to life imprisonment following his conviction for possessing 50 or more grams of cocaine base with intent to distribute. 21 U.S.C. §841(a)(1), (b)(1)(A)(iii). He presented a single contention on appeal: that *Dorsey v. United States*, 132 S. Ct. 2321 (2012), entitled him to be resentenced under the Fair Sentencing Act of 2010. We agreed and remanded for that purpose.

Back in the district court, Herman sought to raise a new argument: that *Florida v. Jardines*, 133 S. Ct. 1409 (2013), requires the suppression of evidence that had been seized after a drug-detection dog alerted in the hallway of the apartment building where Herman lived. *Jardines* holds that a dog's entry into a home's curtilage is a search under the Fourth Amendment; Herman contended that the holding should be applied to apart-

ment hallways as well, at least when the apartment building's front door is locked. Herman had filed a motion to suppress before his trial but had not made an argument along these lines.

The district court declined to hold a new suppression hearing, invoking the mandate rule, under which a district court must implement a court of appeals' instructions. We had remanded for a specific purpose, not generally. The court then resentenced Herman to 360 months' imprisonment. He does not contest that sentence but maintains that he should not have been convicted at all and that a change of law can justify departure from the mandate.

That's true enough, but Herman encounters a different problem. *Davis v. United States*, 131 S. Ct. 2419, 2423–24 (2011), holds that the exclusionary rule cannot be used to suppress evidence that had been properly seized under authoritative precedent, even if that precedent later is overruled or otherwise disapproved. Herman's principal contention (which he repeats in this court) is that *Jardines* worked a dramatic shift in the law, which justifies raising an issue outside the scope of the mandate. And if that is so, then *Davis* means that the exclusionary rule is unavailable.

We held exactly this in *United States v. Gutierrez*, 760 F.3d 750 (7th Cir. 2014), a case in which the defendant proposed to suppress evidence that had been seized as a result of a dog's alert on a home's front porch. We concluded that under circuit law the use of the dog was proper before *Jardines*, bringing the rule of *Davis* into play. Likewise, circuit law before *Jardines* allowed police to collect evidence in apartment hallways without probable cause or a search warrant. See, e.g., *United States v. Villegas*, 495 F.3d 761, 767–69 (7th Cir. 2007); *United States v. Concepcion*, 942 F.2d 1170, 1172–73 (7th Cir. 1991).

In light of *Davis* and *Gutierrez*, we need not decide how *Jardines* applies to apartment hallways (which are open to many persons other than a given tenant's family and invitees), whether consent of another tenant or the landlord would permit a dog to enter, and whether, if the use of the dog is a search, what is required for that search to be reasonable (reasonable suspicion? probable cause? probable cause plus a warrant?). Nor need we address the fact that the eventual search of Herman's apartment was supported by a warrant, attempt to determine whether the warrant would be valid even if evidence about the dog's alert were disregarded, or determine how *United States v. Leon*, 468 U.S. 897 (1984), applies to warrant-authorized searches in which a violation of *Jardines* produces some of the evidence discussed in the affidavit. All these questions are reserved for future cases where a dog is used after *Jardines*.

AFFIRMED